United States Courts
Southern District of Texas
FILED

AUG 1 4 2006

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | VIOLATIONS: 4:06 CR 283 |
| MAZEN GHASHIM | : | 50 U.S.C. §§ 1701-1706 |
| Defendant | : | (International Emergency Economic Powers Act) |
| | : | 15 C.F.R. Part 764.2 |
| | : | (Export Administration Regulations) |

## INFORMATION

The United States Attorney charges that:

At all times material to the Information:

### The Licensing and Regulatory Structure
### International Emergency Economic Powers Act (IEEPA)

1. The International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706, authorized the President of the United States ("the President") to impose economic sanctions on a foreign country in response to an unusual or extraordinary threat to the national security, foreign policy or economy of the United States when the President declares a national emergency with respect to that threat.

### The Export Administration Regulations (EAR)

2. The Export Administration Act ("EAA"), 50 U.S.C. App. §§ 2401-2420, authorized the United States Secretary of Commerce to prohibit or curtail the export of any goods, technology, or software items, as necessary to protect the national security, foreign policy, nonproliferation, and short-supply interests of the United States. Both the EAA and IEEPA authorize investigations into violations of the regulations issued to implement the authority of the relevant statute.

1

3. Under Part 764 of the EAR:

   a. Section 764.2(a) provided that no person may engage in any conduct prohibited by or contrary to, or refrain from engaging in any conduct required by, the EAA, the EAR, or any order, license, or authorization issued thereunder. 15 C.F.R. § 764.2(a).

   b. Section 764.2(b) provided that no person may cause or aid, abet, counsel, induce, procure, or permit the doing of any act prohibited, or the omission of any act required, by the EAA, the EAR, or any order, license or authorization issued thereunder. 15 C.F.R. § 764.2(b).

   c. Section 764.2(c) provided that no person may solicit or attempt a violation of the EAA, the EAR, or any order, license or authorization issued thereunder. 15 C.F.R. § 746.2(c).

   d. Section 764.2(d) provided that no person may conspire or act in concert with one or more persons in any manner or for any purpose to bring about or to do any act that constitutes a violation of the EAA, the EAR, or any order, license or authorization issued thereunder. 15 C.F.R. § 764.2(d).

   e. Section 764.2(e) provided that no person may order, buy, remove, conceal, store, use, sell, loan, dispose of, transfer, transport, finance, forward, or otherwise service, in whole or in part, any item exported or to be exported from the United States, or that was otherwise subject to the EAR, with knowledge that a violation of the EAA, the EAR, or any order, license or authorization issued thereunder, has occurred, was about occur, or was intended to occur in connection with the item. 15 C.F.R. § 764.2(e).

Defendant **Mazen Ghashim's** attempted exports to Syria of computer equipment was subject to the Export Administration Regulations.

2

4. Defendant **Mazen Ghashim**, a naturalized citizen of the United States, operated **KZ Results**, a Texas corporation with its principal place of business in Houston, Texas.

## COUNT ONE:

### Attempted Export Without an Export License

5. On or about June 16, 2004, in the Southern District of Texas, defendant **Mazen Ghashim,** did knowingly and willfully attempt to export computer equipment, valued at $6,875.19, to Syria, using a freight forwarder in the United Arab Emirates, without obtaining an export license from the United States Department of Commerce, or any other agency, as required by Section 764.2 of the Export Administration Regulations.

In violation of Title 50 United States Code §§ 1701-1706 of the International Emergency Economic Powers Act and Section 764.2 (c) of the Export Administration Regulations.

## COUNT TWO

### Attempted Export Without an Export License

6. On or about June 21, 2004, in the Southern District of Texas, defendant **Mazen Ghashim,** did knowingly and willfully attempt to export computer equipment, valued at $5,419.92, to Syria, using a freight forwarder in the United Arab Emirates, without obtaining an export license from the United States Department of Commerce, or any other agency, as required by Section 764.2 of the Export Administration Regulations.

In violation of Title 50 United States Code §§ 1701-1706 of the International Emergency Economic Powers Act and Section 764.2 (c) of the Export Administration Regulations.

## NOTICE OF CRIMINAL FORFEITURE

7. Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Sections 981(a)(1)(C), the United States gives notice that the defendant, **Mazen Ghashim,** shall forfeit the computer equipment seized on June 16, 2004 and June 21, 2004, which constitutes violations of Title 50 United States Code §§ 1701-1706 of the International Emergency Economic Powers Act and Section 764.2 (c) of the Export Administration Regulations, as charged in Counts One and Two.

DONALD J. DeGABRIELLE, JR.
United States Attorney

By: *Jeff Vaden*
Jeff Vaden
Assistant United States Attorney
910 Travis Street, Suite 1500
Houston, Texas 77002
Federal Admission # 31400
State Bar # 00791840
Telephone: (713) 567-9340
Jeffery.Vaden@usdoj.gov