# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

NOV  1 2006

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.** |
| | § | |
| | § | |
| **MAZEN GHASHIM** | § | |
| | § | |

## PLEA AGREEMENT

The United States of America, by and through Donald J. DeGabrielle, Jr.,

United States Attorney for the Southern District of Texas and Jeff Vaden,

Assistant United States Attorney, and the defendant, Mazen Ghashim and the

defendant's counsel, Philip H. Hilder, pursuant to Rule 11(c)(1)(B) of the Federal

Rules of Criminal Procedure, state that they have entered into an agreement, the

terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Counts One and Two of the

Information.  Counts One and Two charge the defendant with violations of Title

50 United States Code §§ 1701-1706 of the International Emergency Economic

Powers Act and Section 764.2 (c) of the Export Administration Regulations. The

defendant further agrees to persist in that plea through sentencing, and not oppose

the forfeiture of assets contemplated in paragraphs 17 and 18 of this agreement.

## Cooperation

2. The defendant understands and agrees that "fully cooperate" as used

herein, includes providing all information relating to any criminal activity known

to defendant, including but not limited to, export law violations. The defendant

understands that such information includes both state and federal offenses arising

therefrom. In that regard:

(a)     Defendant agrees that this plea agreement binds only the United

States Attorney for the Southern District of Texas and defendant; it does not bind

any other United States Attorney or any other unit of the Department of Justice;

(b)     Defendant agrees to testify truthfully as a witness before a grand jury

or in any other judicial or administrative proceeding when called upon to do so by

the United States. Defendant further agrees to waive his Fifth Amendment

privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and

conferences with counsel as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate

2

information and testimony;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

## The United States' Agreements

3.     The United States agrees to each of the following:

(a)     If defendant pleads guilty to Counts One and Two of the Information and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a downward adjustment of his offense level for acceptance of responsibility as contemplated in U.S.S.G. Section 3E1.1(a);

(b)     The government may, **in its sole discretion**, file a 5K1.1 motion for a downward departure, **if** the government determines the defendant provided substantial assistance.

## Punishment Range

4.     The maximum penalty for a violation of Title 50 United States Code §§ 1701-1706 of the International Emergency Economic Powers Act and Section 764.2 (c) of the Export Administration Regulations, is imprisonment of not more than ten (10) years and a fine of not more than $500,000 or twice the gross gain,

3

pursuant to 18 U.S.C. § 3571(c) and (d).   Additionally, the defendant may receive

a term of supervised release after imprisonment of not more than three (3) years

[(Title 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2)].  Defendant  acknowledges and

understands that if he should violate the conditions of any period of supervised

release which may be imposed as part of his sentence, then defendant may be

imprisoned for the entire term of supervised release, without credit for time

already served on the term of supervised release prior to such violation (Title 18

U.S.C. § 3559(a)(3) and 3583(e)(3)).  Defendant understands that he cannot have

the imposition or execution of the sentence suspended, nor is he eligible for

parole.

### Mandatory Special Assessment

5.      Pursuant to Title 18 U.S.C. §  3013(a)(2)(A), immediately after

sentencing, defendant will pay to the Clerk of the United States District Court  a

special assessment in the amount of one hundred dollars ($100.00) per count of

conviction.  The payment will be by cashier's check or money order  payable to

the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box

61010,  Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

6.     Defendant understands that under U.S.S.G § 5E1.2(i), the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release;  if any is ordered.

7.     Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment.

8.     Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so.

## Sentence Determination

9.     Defendant is aware that the sentence <u>may</u> be imposed in accordance with the United States Sentencing Commission's <u>Guidelines Manual</u> (U.S.S.G.). Defendant acknowledges and agrees that the Court has justification and authority to impose any sentence within the statutory maximum set for the offense(s) to which the defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge.  If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that

5

reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Waiver of Appeal

10.     Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.   The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18 U.S.C. § 3742(b).  Additionally, the defendant is aware that Title 28, U.S.C. § 2255,  affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

11.     In agreeing to this waiver, defendant is aware that a sentence has not yet been determined by the Court.  The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court.  The United States does not make any promise or

6

representation concerning what sentence the defendant will receive.

## United States' Non-Waiver of Appeal

12.    The United States reserves the right to carry out its responsibilities under guidelines sentencing.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2.

## Rights at Trial

13.    Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If  defendant  persisted in a plea of not guilty to the charges,

7

defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against the defendant.   Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them.  In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf.   If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c)     At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if the defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14.     **Defendant is pleading guilty because he is guilty of the charges contained in Counts One and Two of the Information**.  If this case were to proceed to trial, the United States could prove all of the following facts beyond a reasonable doubt:

8

Between February 2003 to December 2003, **Mazen Ghashim,** using his company **KZ Results**, made fourteen (14) exports of computer equipment to Syria without an export license.

Subsequently, **KZ Results** applied for an export license for Syria and was told by Department of Commerce ("DOC") Licensing Officer Jim Pruitt that its previous shipments to the country of Syria were in violation of DOC regulations.

After being notified that his previous shipments to Syria were in violation of U.S. law, **Mazen Ghashim** started shipping the same types of computers to Consolidated Logistic Centre / Consolidated Shipping Services ("CLC/CSS") in the United Arab Emirates ("UAE"), including the two attempted exports on June 16, 2004 and June 21, 2004.

A DOC license check to determine if in fact, CLC/CSS was the ultimate end-user for the listed commodities revealed that CLC/CSS was not the ultimate end-user based on a statement made by its branch manager.  CLC/CSS indicated that these items were for re-export to Syria, as have been other shipments from **KZ Results**.

A review of evidence obtained through a search warrant executed on June 24, 2004, in both business documents seized and through computer evidence, shows, **Mazen Ghashim** continued to conduct business in Syria through his

9

brother's company SIGN GHASHIM BROS ("SIGN").

Invoices obtained during the warrant show that the company (CLC/CSS) listed as the consignee on the shipping documents from DHL/DANZAS was not the ultimate end-user, but these computers were being purchased by SIGN in Aleppo, Syria for resale in Syria. Bank information seized during the warrant show that on at least two (2) different occasions in 2004, **Mazen Ghashim / KZ Results** received wire transfers from Syrian companies.

## Breach of Plea Agreement

15.    If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, then:

(a)    The United States may move the Court to set aside the guilty plea and reinstate prosecution.

16.    Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Forfeiture

17.    This plea agreement is being entered into by the United States on the

basis of defendant's express representation that he will make a full and complete

disclosure of all assets over which he exercises direct or indirect control, or in

which he has any financial interest.  Defendant agrees to forfeit whatever interest

he may have in assets related to the material support of foreign terrorist

organizations, including those assets listed in the ~~indictment.~~ Information ④

18.    Defendant consents to any agreed order of forfeiture or judgment, and

further agrees to take all steps necessary to pass clear title to forfeitable assets to

the United States, including, but not limited to, surrendering of title, signing a

consent decree, stipulating facts regarding the transfer of title and basis for the

forfeiture, and signing any other documents necessary to effectuate such transfer.

Defendant also agrees to direct any banks which have custody of defendant's

assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

19.    This written plea agreement, consisting of 15 pages, together with the

attached addendum of defendant and his attorney, constitutes the complete plea

agreement between the United States, defendant and his counsel.  No promises or

representations have been made by the United States except as set forth in writing

11

in this plea agreement.  Defendant acknowledges that no threats have been made against his and that he is pleading guilty freely and voluntarily because he is guilty.

20.     Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the ____ day of November, 2006.

_____
Mazen Ghashim
Defendant

Subscribed and sworn to before me on _____, 2006.

MICHAEL N. MILBY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Donald J. DeGabrielle, Jr.
United States Attorney

By: _____          _____
Jeff Vaden                                     Philip H. Hilder
Assistant United States Attorney               Attorney for Defendant
Telephone: (713) 567-9340
Telecopier: (713) 718-3390

13

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. |
| | § | |
| | § | |
| MAZEN GHASHIM | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and I have fully and carefully explained to defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with defendant. To my knowledge, defendant's decision to enter into this agreement is an informed and voluntary one.

_____     ___11/1/06_____

Philip H. Hilder                                   Date
Attorney for Defendant

14

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained and I  understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_____          _____11/1/06_____

Mazen Ghashim                                          Date
Defendant